IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OMAR J. OTERO ADORNO,
Plaintiff,
v.
TRANSUNION, LLC
Defendants.
_____/

Civil Action No.: 25-CV-1637
FAB

# COMPLAINT FOR DAMAGES

(Fair Credit Reporting Act — 15 U.S.C. §1681 et seq.)

## I. PARTIES

1. Plaintiff **Omar J. Otero Adorno** ("Plaintiff") is a natural person and a resident of Manati, Puerto Rico, within the jurisdiction of this Court.

2. Defendant **TransUnion LLC** ("TransUnion") is a national consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f), engaged in the business of compiling, maintaining, and furnishing consumer credit information throughout the United States, including Puerto Rico.

3. At all relevant times, TransUnion acted as a CRA subject to the requirements, duties, and prohibitions of the **Fair Credit Reporting Act ("FCRA")**, 15 U.S.C. §1681 et seq.

## II. JURISDICTION AND VENUE

4. This action arises under the FCRA, 15 U.S.C. §§1681n and 1681o.

5. This Court has **federal question jurisdiction** under 28 U.S.C. §1331 because the claims arise under federal law.

6. Jurisdiction is also proper pursuant to 15 U.S.C. §1681p, which expressly authorizes civil actions for FCRA violations in federal district courts.

7. Venue is proper in this District under 28 U.S.C. §1391(b) because:

- TransUnion conducts substantial business in Puerto Rico;
- a substantial part of the events and omissions giving rise to the claims occurred in this District;
- and Plaintiff suffered harm within this District.

[1]

### III. INTRODUCTION AND NATURE OF THE ACTION

**8.** This is a civil action for damages arising from TransUnion's multi-year pattern of **negligence, willfulness, reckless noncompliance, failure to investigate, automated dispute closures, inaccurate reporting, and failure to maintain reasonable procedures** as required by the FCRA.

**9.** Over a period exceeding five years, TransUnion has:

- maintained unverified and inaccurate information in Plaintiff's consumer report;
- ignored Plaintiff's disputes;
- relied on automation instead of human review;
- failed to obtain legally-required furnisher certifications;
- failed to retain documentation;
- failed to conduct reinvestigations required by §1681i;
- produced generic, templated dispute responses;
- and allowed harmful inaccuracies to persist despite repeated notice.

**10.** As a direct and foreseeable result of TransUnion's violations, Plaintiff has suffered:

- loss of credit opportunities,
- denial of federal PLUS educational financing,
- increased interest rates,
- damage to credit reputation,
- loss of economic stability,
- emotional distress, anxiety, and frustration,
- and ongoing harm to Plaintiff's financial identity.

**11.** Plaintiff seeks all remedies available under the FCRA, including:

- statutory damages,
- actual damages,
- punitive damages,
- attorney's fees and costs,
- and injunctive or equitable relief requiring correction of the inaccurate information.

### IV. FACTUAL ALLEGATIONS

**12.** Plaintiff's consumer report, as maintained and furnished by TransUnion, contained inaccurate, unverified, incomplete, and misleading information for a period exceeding five years.

**13.** Plaintiff submitted multiple disputes to TransUnion regarding inaccurate and unverified information, beginning as early as 2020 and continuing through 2025.

**14.** Despite repeated notice, TransUnion failed to conduct reasonable reinvestigations as required by **15 U.S.C. §1681i(a)**.

15. TransUnion repeatedly issued automated, non-substantive, template dispute responses that did not address Plaintiff's evidence, did not involve human review, and did not include documentation from the furnisher.

16. TransUnion maintained information in Plaintiff's file that lacked:

- furnisher certification,
- supporting documentation,
- verification materials,
- Metro 2-compliant coding,
- and legally mandated retention records.

17. TransUnion's dispute outcomes frequently relied on the statement "previously verified," despite no such verification having ever occurred.

18. TransUnion failed to forward Plaintiff's supporting documents to furnishers as required under **§1681i(a)(2)**.

19. As a result, Plaintiff's disputes were closed without a meaningful investigation, violating §1681i(a)(1) and (a)(4).

### A. Multi-Year Failure to Maintain Reasonable Procedures (§1681e(b))

20. TransUnion failed to implement and follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's credit file, as required by **15 U.S.C. §1681e(b)**.

21. TransUnion distributed inaccurate consumer reports to third parties, including financial institutions and federal student loan evaluators.

22. These inaccuracies directly contributed to adverse credit determinations, including the denial of a federal PLUS loan application.

23. TransUnion failed to correct these inaccuracies even after receiving repeated disputes and supporting documentation.

### B. Systemic Automation and Failure to Conduct Human Review

24. TransUnion improperly relied on automated systems, algorithmic routing, and generic templates instead of conducting substantive reinvestigations.

25. TransUnion's automated dispute system closed Plaintiff's disputes without:

- reviewing the evidence provided,
- requesting documentation from furnishers,
- forwarding Plaintiff's exhibits,
- conducting manual analysis,
- or retaining investigation records.

26. These automated processes violate both the FCRA and industry standards governing credit reporting integrity.

### C. Failure to Retain Documentation and Verification Materials

**27.** TransUnion did not possess any certification or verification materials to justify the continued reporting of the disputed information.

**28.** TransUnion failed to retain:

- ACDV responses,
- reinvestigation files,
- furnisher certifications,
- supporting evidence,
- and all internal notes.

**29.** The absence of these required materials constitutes independent violations of **§1681i(a)(5)**.

### D. Impact on Plaintiff's Life, Finances, and Opportunities

**30.** TransUnion's failures caused significant and measurable harm, including:

- denial of federal PLUS educational financing,
- damage to creditworthiness,
- increased interest rates,
- reduced access to credit products,
- stress, anxiety, and emotional distress,
- interference with financial planning,
- reputational harm within the credit marketplace.

**31.** Plaintiff's financial identity and credit profile were compromised by TransUnion's inaccurate and unverified reporting.

**32.** Plaintiff suffered real, tangible, and intangible damages as a direct result of TransUnion's noncompliance.

### E. TransUnion Had Actual Knowledge of Its Noncompliance

**33.** TransUnion has been repeatedly sanctioned, investigated, and warned by Congress, regulators, and courts regarding the exact type of misconduct described herein.

**34.** Despite this knowledge, TransUnion continued to:

- rely on automation,
- ignore disputes,
- maintain unverified information,
- and fail to follow Metro 2 and e-OSCAR procedures.

**35.** These facts demonstrate reckless and willful disregard of Plaintiff's rights.

**F. Plaintiff Provided Ample Notice**

36. Plaintiff provided TransUnion with:

- multiple disputes,
- formal notices,
- supporting evidence,
- legal correspondence,
- and repeated requests for reinvestigation.

37. TransUnion ignored or superficially processed every submission.

38. TransUnion's failure to correct the errors after repeated notice constitutes willful and negligent noncompliance with the FCRA.

## V. CAUSES OF ACTION

### COUNT I — VIOLATION OF 15 U.S.C. §1681e(b)

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

39. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

40. TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report.

41. TransUnion maintained unverified, inaccurate, incomplete, and misleading information in Plaintiff's file for years, despite receiving multiple disputes and notices.

42. TransUnion furnished these inaccuracies to third parties, including lenders evaluating Plaintiff for credit and educational financing.

43. TransUnion failed to use reasonable procedures to ensure accuracy, including:

- failing to obtain furnisher documentation,
- failing to verify disputed information,
- failing to retain verification data,
- and relying on automated systems without human review.

44. As a result, Plaintiff suffered actual damages, including but not limited to denial of credit, denial of federal PLUS financing, increased interest rates, loss of credit opportunities, emotional distress, and reputational harm.

45. TransUnion's conduct constitutes negligent and willful noncompliance with §1681e(b).

## COUNT II — VIOLATION OF 15 U.S.C. §1681i(a)

### Failure to Conduct Reasonable Reinvestigation

**46.** Plaintiff realleges and reincorporates all prior paragraphs.

**47.** Plaintiff submitted multiple disputes concerning inaccurate and unverified information.

**48.** TransUnion failed to conduct a reasonable reinvestigation, as required by §1681i(a)(1).

**49.** Specifically, TransUnion failed to:

- review relevant information provided by Plaintiff,
- forward documentation to the furnisher (§1681i(a)(2)),
- obtain documentation from the furnisher,
- retain verification materials (§1681i(a)(5)),
- correct or delete unverified information within statutory deadlines,
- and provide proper notice of investigation results (§1681i(a)(6)).

**50.** TransUnion issued generic, automated responses lacking verification, despite possessing no documentation to justify the continued reporting.

**51.** TransUnion's reinvestigation failures resulted in continued publication of false information.

**52.** This conduct constitutes negligent and willful noncompliance with §1681i.

## COUNT III — VIOLATION OF 15 U.S.C. §1681g

### Failure to Provide Full File Disclosure

**53.** Plaintiff incorporates prior allegations.

**54.** TransUnion failed to provide Plaintiff with a full and complete disclosure of the information in his file, as required by §1681g(a).

**55.** TransUnion did not provide:

- copies of furnisher certifications,
- verification materials,
- ACDV/CDV records,
- Metro 2 reinvestigation data,
- timestamps, logs, or dispute history,
- internal notes or audit trails.

**56.** This failure deprived Plaintiff of the ability to understand, challenge, or verify the accuracy of information being maintained and distributed.

**57.** TransUnion's failure to provide full disclosure constitutes negligent and willful violation of §1681g.

### COUNT IV — VIOLATION OF 15 U.S.C. §1681b

#### Improper Use and Furnishing of Consumer Reports

**58.** Plaintiff realleges prior paragraphs.

**59.** TransUnion furnished consumer reports containing inaccurate and unverified information to third parties, including lenders evaluating Plaintiff for credit.

**60.** TransUnion failed to ensure permissible-purpose accuracy as mandated by §1681b.

**61.** Furnishing inaccurate information constitutes unauthorized and improper use under the statute.

**62.** TransUnion's conduct caused Plaintiff quantifiable harm.

### COUNT V — WILLFUL NONCOMPLIANCE

(15 U.S.C. §1681n)

**63.** Plaintiff incorporates prior paragraphs.

**64.** TransUnion's violations of §§1681e(b), 1681i, 1681g, and 1681b were willful, as defined in **Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007)**.

**65.** TransUnion acted with reckless and conscious disregard of Plaintiff's rights by:

- ignoring disputes for years,
- relying on automation instead of investigation,
- failing to obtain or retain documentation,
- providing sham reinvestigations,
- and maintaining unverified information despite repeated notice.

**66.** Willful noncompliance entitles Plaintiff to:

- statutory damages,
- punitive damages,
- and attorney's fees and costs.

[7]

## COUNT VI — NEGLIGENCE

(15 U.S.C. §1681o)

**67.** Plaintiff reincorporates prior allegations.

**68.** Alternatively, TransUnion acted negligently in failing to comply with the FCRA.

**69.** TransUnion failed to adhere to reasonable procedures, reinvestigation duties, and accuracy obligations.

**70.** As a result, Plaintiff suffered actual damages recoverable under §1681o.

## VI. DAMAGES

**71.** Plaintiff realleges and incorporates all prior paragraphs as though fully stated herein.

### A. Actual Damages (15 U.S.C. §§1681n, 1681o)

**72.** As a direct and proximate result of TransUnion's violations, Plaintiff suffered substantial actual damages, including but not limited to:

- denial of federal PLUS educational financing;
- increased interest rates on existing and prospective credit lines;
- loss of access to credit opportunities;
- economic setbacks;
- prolonged financial instability;
- impairment of long-term financial planning;
- and significant time expended attempting to correct inaccuracies.

**73.** These damages are compensable under the FCRA.

### B. Emotional Distress and Reputational Harm

**74.** Plaintiff suffered severe emotional distress, including:

- anxiety,
- humiliation,
- fear of financial consequences,
- frustration,
- loss of peace of mind,
- and ongoing psychological distress.

**75.** Federal courts recognize emotional distress damages under the FCRA without requiring medical testimony when, as here, a CRA engages in prolonged misconduct, repeated failures to investigate, and intentional disregard of consumer rights.

**76.** Plaintiff also suffered reputational harm due to the dissemination of inaccurate credit data, which directly affected Plaintiff's credibility and creditworthiness in the financial marketplace.

### C. Statutory Damages (15 U.S.C. §1681n)

**77.** For each willful violation of the FCRA, Plaintiff is entitled to statutory damages of up to $1,000.

**78.** TransUnion committed multiple, independent statutory violations over multiple years.

### D. Punitive Damages (15 U.S.C. §1681n(a)(2))

**79.** TransUnion's actions were willful, malicious, reckless, and in conscious disregard of Plaintiff's federally protected rights.

**80.** Factors supporting punitive damages include:

- multi-year inaccuracies,
- deliberate failure to obtain verification,
- systemic automation replacing human investigation,
- ignoring multiple disputes,
- failure to maintain reasonable procedures,
- and disregard of regulatory and congressional warnings.

**81.** Punitive damages are warranted to deter TransUnion and other CRAs from continuing unlawful reporting practices.

### E. Attorney's Fees and Costs

**82.** Plaintiff is entitled to recover attorney's fees and costs under §§1681n and 1681o, including:

- filing fees,
- discovery expenses,
- expert consultations,
- and all litigation-related costs.

### F. Total Damages Sought

**84.** Given the severity, duration, willfulness, retaliatory nature, and systemic impact of TransUnion's conduct, Plaintiff seeks:

**$350,000 in total damages,**

including actual, statutory, emotional distress, and punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant TransUnion LLC, and award the following relief:

### A. Actual Damages

Pursuant to 15 U.S.C. §§1681n and 1681o, award Plaintiff actual damages for:

- denial of federal educational financing;
- increased interest rates;
- lost credit opportunities;
- economic losses;
- and all financial harm proximately caused by TransUnion.

### B. Statutory Damages

Award statutory damages for each willful violation of the FCRA under §1681n.

### C. Emotional Distress and Reputational Harm

Award damages for emotional distress, humiliation, anxiety, mental anguish, and reputational harm caused by TransUnion's misconduct.

### D. Punitive Damages

Award punitive damages under §1681n(a)(2) to punish and deter TransUnion's willful, reckless, systemic, and malicious violations of federal law.

### E. Attorney's Fees and Costs

Award attorney's fees and costs as allowed under §§1681n and 1681o.

### F. Injunctive and Equitable Relief

Order TransUnion to:

1. Correct and permanently delete all inaccurate and unverified information;
2. Implement reasonable procedures to assure maximum accuracy;
3. Comply with all FCRA obligations for reinvestigation and verification;
4. Provide Plaintiff with full file disclosure and certification records;
5. Prevent future reporting of unverified or inaccurate information.

### G. Total Monetary Relief

Award Plaintiff:

**$350,000 in total damages,**

including actual, statutory, emotional, and punitive damages.

## H. Any Additional Relief

Grant any other relief the Court deems just, proper, and equitable.

## VIII. FINAL STATEMENT — RULE OF LAW, FEDERAL ACCOUNTABILITY, AND THE INTEGRITY OF THE CREDIT REPORTING SYSTEM

85. The United States is a nation governed by the rule of law. No individual, corporation, or financial entity is exempt from the constitutional safeguards, statutory duties, and judicial oversight that protect every citizen's economic reputation and due process rights.

86. For more than five years, TransUnion engaged in conduct that undermines the foundational principles upon which the Fair Credit Reporting Act was enacted: **accuracy, fairness, accountability**, and **the protection of the American consumer**.

87. The systemic failures described in this Complaint—automation in place of investigation, disregard of statutory procedures, refusal to correct unverified information, and the prolonged harm inflicted upon Plaintiff—are not clerical oversights. They represent a **breakdown in compliance**, a **failure of corporate duty**, and a **departure from the standards required in a federal regulatory framework**.

88. Congress has repeatedly emphasized that the integrity of the national credit reporting system is vital to the nation's financial stability and to the economic rights of millions of Americans. When a credit reporting agency disregards federal law, it does not merely harm an individual consumer—it jeopardizes the credibility of the entire system.

89. Plaintiff brings this action not only to protect his own rights, but to reinforce the principle that **no corporation operating in the United States is entitled to selective compliance** with federal law. The FCRA is not optional. The mandates of §1681e(b) and §1681i are not advisory. The requirement of accuracy is not discretionary.

90. The violations in this case strike at the heart of Congress's intent: that every American be judged by **accurate, verified,** and **lawfully maintained** information. When a corporation repeatedly ignores this mandate, federal courts exist to ensure accountability, restore justice, and uphold the rule of law.

91. Plaintiff respectfully submits this matter to this Honorable Court with full confidence that the judiciary will enforce the protections guaranteed by Congress and ensure that the rights of the consumer are not subordinated to automation, negligence, or corporate indifference.

## IX. JURY DEMAND

**92.** Plaintiff hereby demands a trial by jury on all claims and issues so triable as a matter of right under the Constitution and laws of the United States.

## X. CERTIFICATE OF SERVICE

**93.** Plaintiff certifies that a true and correct copy of this Complaint will be served upon Defendant TransUnion LLC in accordance with Rule 4 of the Federal Rules of Civil Procedure, including service upon its registered agent for process, once the summons is issued by the Clerk of Court.

## XI. PLAINTIFF'S RESERVATION OF EVIDENCE

**Plaintiff respectfully states that he holds all supporting evidence, documents, screenshots, notices, correspondence, and records referenced throughout this Complaint. Plaintiff will file the complete set of Exhibits in chronological order once the case is formally docketed, or as directed by the Honorable Court. Plaintiff further reserves the right to produce all evidence during the discovery phase pursuant to the Federal Rules of Civil Procedure.**

DATED: November, 21, 2025.
       SAN JUAN, PUERTO RICO

Respectfully submitted,

/s/ Omar J. Otero Adorno
_____

**OMAR J. OTERO ADORNO**

*Plaintiff PRO SE*

Urb. Los Rosales 25 ave 6
Manati, PR 00674.
Email: omy.0011@gmail.com

Phone: (787) 549-6901

Submitted:
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO